IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| MICHAEL D. WILLIAMS | ) | |
| | ) | |
| v. | ) | No. 1:09:0054 |
| | ) | Judge Campbell/Bryant |
| MARK HACKER, et al. | ) | |

To: The Honorable Todd Campbell, Chief Judge

### REPORT AND RECOMMENDATION

### I. Introduction

By order entered August 27, 2009, this matter was referred to the undersigned for pretrial scheduling and management. (Docket Entry No. 3.)

Plaintiff Michael Williams, an inmate at Whiteville Correctional Facility in Whiteville, Tennessee, filed this *pro se* action *in forma pauperis* against defendants Mark Hacker, Jesse Stilwagen, and Thomas Wallace, under 42 U.S.C. § 1983. (Docket Entry No. 1.) He seeks both compensatory and punitive damages. (Id.) Defendants move to dismiss for failure to state a claim on grounds that the applicable statute of limitations has run, and, alternatively, for insufficient service of process as to defendant "c/o Davis." (Docket Entry No. 17.) In response to this latter, alternative argument, plaintiff has filed a motion to amend his complaint (Docket Entry No. 23), seeking to substitute "John Doe" for "c/o Davis" and to name additional defendants. As further explained below, the undersigned recommends that defendants' motion to dismiss plaintiff's action be DENIED, and that plaintiff's motion to

1

amend his complaint be GRANTED.

## II. Factual Background

Plaintiff alleges the following facts in support of his complaint:

On August 15, 2008, plaintiff, then housed at South Central Correctional Facility in Clifton, Tennessee, was attacked by two members of a gang known as the "Crips." (Docket Entry No. 1.) Plaintiff alerted defendant Hacker, the unit manager on duty, to his injuries and requested placement in protective custody. (Id.) In response, defendant Hacker told plaintiff that the Segregation Unit cells were full and that he should "get the Muslim Brothers to protect" him. (Id.) Plaintiff was taken back to his housing unit after treatment, and there was no more investigation of his injuries. (Id.)

Later that same day, the "Crips," armed with prison knives, chased plaintiff around the unit. (Id.) Defendant Hacker, having discovered that the "Crips" were chasing plaintiff, ordered defendant Stilwagen, a senior correctional officer, to move plaintiff to the adjacent unit. (Id.) Defendants did not place plaintiff in protective custody, and shortly afterward the "Crips" obtained access to plaintiff and stabbed him repeatedly in the presence of defendants Stilwagen and Wallace, another correctional officer, who made no attempt to stop the attack. (Id.) Plaintiff was taken by Life-Flight helicopter to Vanderbilt Hospital, where he underwent surgery for his severe stab wounds. (Id.)

Plaintiff required several weeks of healing and did not file a grievance with the prison administration until February 9, 2009. (Docket Entry No. 23-2 at 10.) The grievance was

2

denied, and plaintiff commenced the appeals process, which was completed on April 20, 2009. (Id. at 1.) Plaintiff then gave this action to the prison officials for mailing on August 21, 2009, and the district court clerk filed it on August 24, 2009. (Docket Entry No. 1.)

### III. Conclusions of Law

A. Standard of Review

A motion to dismiss may be granted if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of a cause of action's elements." Id. at 555. However, a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Analysis of the Motion

Plaintiff alleges defendants wrongfully failed to protect him from a gang attack, a violation of his civil rights actionable under 42. U.S.C. § 1983. (Docket Entry No. 1.) Rather than providing its own statute of limitations, though, section 1983 borrows the appropriate

3

personal injury statute of limitations from the state in which the suit is brought. Wilson v. Garcia, 471 U.S. 261, 275-80 (1985). Tennessee prescribes a one-year statute of limitations in personal injury actions that generally begins to run on the date of the injury. Tenn. Code Ann. § 28-3-104 (2010).

However, the Prison Litigation Reform Act (PLRA) requires an inmate plaintiff to have exhausted all administrative grievances "as are available" before filing a section 1983 claim. 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement reflects Congress's belief that filing grievances with the state prison system is an efficient means to address legal wrongs, in that the grievance may first be addressed and perhaps resolved internally. Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003), overruled in part by Woodford v. Ngo, 548 U.S. 81 (2006). Thus, the state prison's grievance requirements are to be followed when pursuing an administrative remedy. Jones v. Bock, 549 U.S. 199, 218 (2007).[1] Because an inmate plaintiff may not file suit until he has met the exhaustion provision, the statute of limitations is tolled while he pursues the grievance process. Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000).

Under specific circumstances, courts have interpreted section 1997e(a) to mean that a

---

[1] The Tennessee Department of Correction Policies and Procedures require a grievance to be first submitted within seven (7) days of the occurrence giving rise to the incident, unless it is a Title VI discriminatory grievance, where 180 days are allowed. Tenn. Dep't of Corr., 5.01.01(VI)(c)(1). If he receives an unfavorable result, an inmate must appeal his grievance to Level II within five (5) days of receiving the response. Id. at (VI)(c)(2). Finally, an inmate may appeal to Level III within five (5) days upon the receipt of an unfavorable Level II response. Id. at (VI)(c)(3).

4

plaintiff must have exhausted administrative remedies that were "personally obtainable" to him during the grievance process, and that physical injuries or other maladies may render the aggrieved prisoner's timely pursuit of the matter unobtainable. Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003) (holding that a plaintiff with an injured hand that prevented him from filing a timely grievance nevertheless exhausted his available administrative remedies when he late-filed a grievance after his hand healed), overruled by implication on other grounds by Jones v. Bock, supra; see also Braswell v. Corr. Corp. of Am., No. 3:08-0691, 2009 U.S. Dist. LEXIS 69863, at *21 (M.D. Tenn. Aug. 10, 2009) (extending the Days exception even to mental illness despite granting defendant's motion to dismiss); Williams v. Hurley, No. 2:05cv1022, 2007 U.S. Dist. LEXIS 29733, at *8, 15 (S.D. Ohio. Apr. 23, 2007) (holding that the Days exception applies to a grievance filed even two years after the incident despite the grievance deadline having passed). This interpretation of section 1997e(a) is narrowly tailored and obviously does not apply to every plaintiff who has missed his deadline. Compare Days, 322 F.3d at 867, with Parker v. Adjetey, 89 Fed. Appx. 886, 887-88 (5th Cir. 2004) (holding that a temporarily injured plaintiff who did not file a grievance upon healing because he had missed the deadline was still not excused from filing his grievance). If courts completely overlooked grievance deadlines, the purpose of the PLRA would be defeated, allowing prisoners to evade the grievance process. Days, 322 F.3d at 867. Instead, such a circumstance where this exception applies generally requires both that the plaintiff file a late grievance because of a physical injury and that the prison system reject the plaintiff's attempt

5

based on the untimeliness of the grievance. Id. at 868.

Furthermore, the Seventh Circuit has recognized that the statute of limitations remains tolled while the plaintiff pursues the administrative remedies that are personally available to him, even when such pursuit is outside of the time frame established in the prison's policies. Walker v. Sheahan, 526 F.3d 973, 978 (7th Cir. 2008). Because a plaintiff falling under the Days exception must attempt to exhaust the administrative remedies available to him – even if the deadline has passed – before he files suit, it follows that a court should toll the statute of limitations while he does so. See id; compare Days, 322 F.3d at 867, and Williams, 2007 U.S. Dist. LEXIS 29733, at *15, with Parker, 89 Fed. Appx. at 887-88.

The plaintiff in this case has filed his suit more than one year from the date his injuries occurred. (Docket Entry No. 1.)² Even taking into account the prison mailbox rule, where an inmate plaintiff's suit is deemed filed when he leaves it with prison officials to be mailed, rather than when the court clerk files it, Richard v. Ray, 290 F.3d 910, 812-13 (6th Cir. 2002), plaintiff's action appears to have been filed outside of the statute of limitations (Docket Entry No. 1). However, plaintiff pursued his available administrative remedies, during which time the statute of limitations is usually tolled. See Brown, 209 F.3d at 596; Docket Entry No. 23-2 at 1-3, 10-12.

---

²The injuries occurred on August 15, 2008, but August 15, 2009, was a Saturday, giving plaintiff until Monday, August 17, 2009, to file his complaint. Fed. R. Civ. P. 6(a)(1)(c). The envelope in which plaintiff's complaint was mailed bears a postmark of August 21, 2009, as well as a stamp indicating its receipt in the prison mailroom on that date.

6

Plaintiff was prohibited from filing a general grievance within seven (7) days of the incident, as Tennessee Department of Correction (TDOC) policy requires, because he underwent extensive surgery, leaving him incapacitated for several weeks. Tenn. Dep't of Corr., 5.01.01(VI)(c)(1); Docket Entry No. 1. Instead, plaintiff filed a Title VI grievance 178 days after the incident, under TDOC's Title VI policy. Tenn. Dep't of Corr., 5.0101(VI)(c)(1); Docket Entry No. 23-2 at 10-11.[3] The court need not address whether plaintiff correctly filed a Title VI grievance because proper exhaustion of administrative remedies is an affirmative defense and not to be addressed *sua sponte* by a court unless the complaint on its face shows that the plaintiff is not entitled to relief. Jones, 549 U.S. at 215-17. Regardless, in dealing with the motion before the court, the undersigned finds that the Days exception applies to plaintiff because he was both prevented from filing a regular grievance within seven (7) days by his extensive injuries and because his subsequent attempt to grieve was rejected by the prison administration as untimely. Days, 322 F.3d at 868; Docket Entry No. 23-2 at 10-13.

Defendants offer Burke v. Campbell Co. Fiscal Ct, No. 06-CV-191-DLB, 2006 U.S. Dist. LEXIS 89476, at *8 (E.D. Ky. Dec. 11, 2006), in subsequent argument to assert that the statute of limitations should not be tolled during the time plaintiff pursued his administrative remedies because of the delay in the filing of his grievance (Docket Entry No. 26). However, the plaintiff in Burke filed suit before pursuing his administrative remedies. Burke, 2006 U.S.

---

[3] The Title VI Coordinator on site deemed the grievance outside of the scope of Title VI, resulting in the denial of the grievance as being untimely as per the seven-day policy. (Docket Entry No. 23-2 at 10-13.)

7

Dist. LEXIS 89476, at *3. The defendants would point out that the statute of limitations functions to ensure that plaintiffs do not file suit too late. Burke, 2006 U.S. Dist. LEXIS 89476, at *7; Docket Entry No. 26. Yet, the grievance process is also designed to ensure that plaintiffs do not file suit too early. Burke, 2006 U.S. Dist. LEXIS 89476, at *7. Neither does it appear that the Burke plaintiff would fall under the Days exception; he alleged no injury preventing him from filing a grievance. Id. at *2-3. Moreover, while the Burke plaintiff remained in the prison facility after the incident of which he complains, the plaintiff here was transported to a hospital facility in another city for extensive surgery. Id. at *3; Docket Entry No. 1. Because the plaintiff in question was pursuing the administrative remedies available to him under the Days exception, the statute of limitations should be tolled during this time. See Walker, 526 F.3d at 978; Days, 322 F.3d at 868.

If plaintiff's statute of limitations is tolled from February 9, 2009, until April 20, 2009, while he was pursuing his administrative remedies, plaintiff's case is filed timely. (Docket Entry No. 1.) Under the prison mailbox rule, plaintiff's action was filed only four (4) days after his statute of limitations, absent tolling, would have run. (Id.) Including tolling, plaintiff had until October 27, 2009, to initiate his suit and is well within the statute of limitations. See Brown, 209 F.3d at 596.

In sum, the undersigned concludes that, on the narrow facts of this case, defendants' motion to dismiss plaintiff's complaint on statute of limitations grounds should be DENIED.

Defendants alternatively move for dismissal of the complaint as against "c/o Davis" on

8

grounds of insufficient service of process. In response to this argument, plaintiff has filed a motion to amend his complaint (Docket Entry No. 23), in which he seeks to substitute "John Doe" as a defendant in place of "c/o Davis" and to name new defendants, Warden Cherry Lindamood, John Ferguson, and Corrections Corporation of America. Defendants' response to this motion to amend cites the statute of limitations in arguing that allowing the amendment would prove futile. (Docket Entry No. 28.) In light of the foregoing recommendation as to the timeliness of this action, and considering that plaintiff is entitled to amend his complaint once as a matter of course on this record,[4] the undersigned further concludes that the alternative grounds for defendants' motion to dismiss are insufficient, and that plaintiff's motion to amend his complaint should be GRANTED.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that the defendants' motion to dismiss plaintiff's complaint (Docket Entry No. 17) be **DENIED**, and that plaintiff's motion to amend his complaint (Docket Entry No. 23) be **GRANTED**.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file

---

[4] Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his complaint once as a matter of course within twenty-one (21) days of service of a motion under Rule 12(b). Defendants filed their Rule 12 motion to dismiss on November 24, 2009, and plaintiff's motion to amend was received in the Clerk's office on December 14, 2009, twenty (20) days later.

9

any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

**ENTERED** this 3rd day of June, 2010.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE