IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL D. WILLIAMS | ) |
| | ) |
| v. | ) NO. 1-09-0054 |
| | ) JUDGE CAMPBELL |
| MARK HACKER, et al. | ) |

ORDER

This case is set for a jury trial on Tuesday, March 27, 2012, beginning at 9:00 a.m. in Columbia. Plaintiff and counsel for the Defendants shall appear for a Pretrial Conference in Nashville on Monday, March 12, 2012, at 2:30 p.m. All lawyers who will participate in the trial must attend the pretrial conference.

The parties shall submit to the Court, by March 5, 2012, the following:

(1) proposed jury instructions and verdict forms;

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(4) any stipulations;

(5) a short summary of their legal theories;

(6) a statement of the issues;

(7) a succinct statement of the relief sought;

(8) a summary of any anticipated evidentiary disputes; and

(9) an estimate of the anticipated length of the trial.

By February 27, 2012, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motions shall be filed by March 5, 2012.

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(6)d. Responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 33.01(c), 34.01 and 36.01. The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

Plaintiff and counsel for the Defendants shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss proposed jury instructions and verdict forms;

(8) discuss settlement; and

(9) discuss pretrial briefs.

If settlement is reached after jurors have been summoned, resulting in the non-utilization of the jurors, the costs of summoning the jurors may be taxed to the parties.

IT IS SO ORDERED.

                                              Todd Campbell
                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE