# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL D. WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:09-0054 |
| v. ) | |
| ) | Judge Sharp/Bryant |
| MARK HACKER, *et al.* ) | |
| ) | |
| Defendants. ) | |

TO:   The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Defendants Mark Hacker, Jesse Stilwagen, Thomas Wallace, Cherry Lindamood, and John Ferguson have filed a combined Motion to Dismiss and for Summary Judgment (Docket Entry No. 76), to which *pro se* Plaintiff Michael D. Williams has responded in opposition (Docket Entry No. 89). This matter has been referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 3).

For the reasons stated below, the undersigned Magistrate Judge recommends that the motion to dismiss for Defendants Lindamood and Ferguson be **GRANTED**, and that the motion for summary judgment be **GRANTED** with respect to Defendants Stillwagen and Wallace, and **DENIED** with respect to Defendant Hacker.

## STATEMENT OF THE CASE

Plaintiff Michael Williams, proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendants arising from an assault at the South Central Correctional Center in Clifton,

1

TN, where Plaintiff is an inmate. (Am. Compl. at 5-7). Plaintiff's amended complaint alleges Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment to the United States Constitution by allegedly failing to protect him from a violent assault by other inmates. (Am. Compl. at 5-7, Plaint. Resp. Opp. at 5).

In response, on April 21, 2011, Defendants filed their combined Motion to Dismiss and for Summary Judgment with the Court. (Docket Entry No. 76). In particular, Defendants Lindamood and Ferguson move this Court to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket Entry No. 76, Defs.' Mem. Supp. Mot. at 4-5). Additionally, Defendants Hacker, Wallace, and Stilwagen move for summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. (Docket Entry No. 76, Defs.' Mem. Supp. Mot. at 5-11). Specifically, Defendants argue that the undisputed facts demonstrate they were not deliberately indifferent to the health and safety of the Plaintiff because they lacked knowledge of a substantial risk to the Plaintiff and took reasonable action to prevent harm to the Plaintiff once they realized a risk existed. (Defs.' Mem. Supp. Mot. at 7-11).

This Report and Recommendation will consider Defendants' Motion to Dismiss and for Summary Judgment and address the arguments presented by Plaintiff Williams in his response.

## STATEMENT OF PERTINENT FACTS

On August 15, 2008 around 2:00 pm, Plaintiff Williams, while incarcerated at South Central Correctional Center ("SCCC") in Clifton, TN, came to have abrasions on his face that required medical attention. (Defs. Stmt. Facts ¶ 4, Plaint. Stmt. Facts ¶ 7). However, after this point, the facts according to the two parties begin to diverge. Defendants and Plaintiff have submitted a Statement of Facts in support of their arguments. (Docket Entry No. 78, Docket

Entry No. 91, respectively). After being escorted to the office of Defendant Mark Hacker, who is a unit manager at the facility, Plaintiff was escorted by Defendant Hacker to the SCCC infirmary. (Am. Compl. at 5). Plaintiff alleges that at this time he informed Defendant Hacker his injuries arose from an assault in his cell by rival gang members. (Am Compl. at 5). Defendant Hacker maintains that Plaintiff never mentioned an assault, despite Hacker's repeated inquiries, and instead claimed to have slipped on water in his cell and hit his head on his bunk. (Defs.' Stmt. Facts ¶ 5). Defendant Hacker prepared an "Accident/Incident/Traumatic Injury Report" which is a standard report made whenever an employee, inmate, or visitor has an accident or suffers an injury at SCCC. (Defs. Stmt. Facts ¶ 10). According to the report and Defendant Hacker, Plaintiff wrote that he "Slipped in cell. Water on floor. Hit bottom bunk" in the section entitled "Subject's Version" and also signed the report. (Defs. Stmt. Facts ¶ 11, Doicket Entry No. 76, Accident/Injury/Traumatic Injury Report Form). Plaintiff disputes that he ever told Defendant Hacker that he slipped on the floor or filled out or signed the accident report and maintains that he repeatedly informed Defendant Hacker that we was attacked by gang members while in his cell. (Plaint. Stmt. Facts ¶ 21).

After receiving treatment, Plaintiff was escorted back to his housing unit ("Columbia-A") within the facility but was not placed under any special protection. (Defs. Stmt. Facts ¶ 12). At approximately 3:30 pm, Plaintiff was involved in an incident with other inmates within his housing unit; Plaintiff alleges he was being chased by fellow inmates but Defendant Hacker states that it was the Plaintiff who was observed chasing other inmates. (Plaint. Stmt. Facts ¶ 11, Defs. Stmt. Facts ¶ 13). Regardless, following the incident, Plaintiff was moved to a different housing unit ("Discovery-B") within the facility at approximately 5:00 pm. (Am Compl. at 6). Plaintiff alleges that, once inside the alternate housing unit, he was able to secure himself inside

3

a cell. (Am. Compl. at 6). Plaintiff further alleges inmates gained access to the Discovery-B unit in order to further assault him but were unsuccessful. (Am. Compl. at 6).

At approximately 6:30 pm, Defendant Stilwagen instructed Defendant Wallace to open the door to the Plaintiff's cell in order to allow an inmate assigned to the cell to enter. (Defs. Stmt. Facts ¶ 14). As soon as the cell door opened, Plaintiff ran from the cell to the front door of the housing unit where he was immediately attacked by surrounding inmates. (Am. Compl. at 6). Defendants Stilwagen and Wallace, then the only two officers in the immediate area and outnumbered by inmates, gave verbal commands to the inmates to cease the attack. (Def. Stmt. Facts ¶ 18). Defendant Wallace called for assistance in breaking up the assault, which ended after assistance arrived and approximately two minutes had passed. (Def. Stmt. Facts ¶ 18, 20). Plaintiff Williams suffered life-threatening injuries as a result of the attack and was flown to Vanderbilt Medical Center for further treatment. (Am. Compl. at 6).

## LEGAL DISCUSSION

### A. Standard of Review

Defendants Lindamood and Ferguson assert that the action against them should be dismissed under the 12(b)(6) standard because it fails to state a claim against them upon which relief can be granted. In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 550 (2007). The allegations, in order to suffice, "must state a claim that is plausible on its face." Id. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

As stated by the Sixth Circuit, "the reviewing court must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008) (citation omitted). However, the complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory… [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. (citing Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)). Importantly, the pleadings of *pro se* petitioners are construed liberally and are held to a less stringent standard than pleadings drafted by attorneys. Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Defendants Hacker, Stilwagen, and Wallace also move for summary judgment against Plaintiff. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Valente v. Univ. of Dayton, No. 10-3292, slip op. at 2, 2011 WL 3156309 (6th Cir. July 27, 2011) (quoting Fed. R. Civ. P. 56(a)). "A genuine issue of material fact exists when, 'there is sufficient evidence favoring the nomoving party for a jury to return a verdict for that party.'" White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 475-476 (6th Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). The Court must "view the facts in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party." Valente, slip op. at 2 (citing Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. (quoting Matsushita, 475 U.S. at 587).

In both motions, the applicable standard of law as to the potential liability of the defendants under 42 U.S.C. § 1983 is whether any of the defendants acted with "deliberate indifference" to the Plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official may be held liable for 'deliberate indifference' to a prisoner's Eighth Amendment right to protection against violence while in custody if the official 'knows that [the] inmat[e] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. At 834, 847; see also Ortiz v. Jordan, 131 S. Ct. 884, 893 (2011).

B. Motion to Dismiss

Defendant Lindamood, warden of the SCCC facility at which the incident took place, and Defendant Ferguson, Chairman of the Board of Directors of the Corrections Corporation of America ("CCA"), which owns and operates the SCCC, move to have the § 1983 action against them dismissed for failure to state a claim upon which relief can be granted. In order to prove a § 1983 claim, some level of personal involvement by the supervising defendants is required for personal liability. Miller v. Calhoun County, 408 F.3d 803, 817 n.3 (6th Cir. 2005) (citing Taylor v. Mich. Dep't of Corr., 69 F.3d 76, 80-81 (6th Cir. 1995)). Assuming the veracity of Plaintiff's allegations, drawing all reasonable inferences in his favor, and recognizing that *pro se* complaints are held to a less stringent standard, Plaintiff has not alleged any personal involvement on behalf of either Defendant Lindamood or Defendant Ferguson. Plaintiff alleges no facts that demonstrate the involvement of either Defendant Lindamood or Defendant Ferguson in the incident precipitating this action. (See Am. Compl.) Other than being named as

6

defendants (Am. Compl. at 4-5), neither defendant is mentioned further in the complaint, including in the factual allegations.

In his motion to amend (Docket Entry No. 44), Plaintiff asserts that the failures of responsibility of both Defendant Lindamood and Defendant Ferguson in their supervising roles within CCA and the SCCC ultimately contributed to the violent attack on him. (Mot. Amend at 2). However, personal liability still "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir. 1991). Further, it is well established that "§ 1983 liability cannot be imposed under a theory of *respondeat* superior," which is what the allegations in the motion to amend amount to against Defendants Lindamood and Ferguson. Miller, 408 F.3d at 817 n.3. Because Plaintiff does not plead any facts that suggest either Defendant Lindamood or Defendant Ferguson's personal involvement in any manner in this case, Plaintiff has failed to state a claim upon which relief can be granted. Thus, the Court should grant these Defendants' motion to dismiss.

C. Motion for Summary Judgment

1. Defendants Stilwagen and Wallace

The facts concerning both Defendant Stilwagen and Defendant Wallace's involvement in this case are largely undisputed and thus appropriate for summary judgment. The critical question is whether either defendant knew of the substantial risk to the Plaintiff and whether they disregarded that risk by failing to prevent it. See Ortiz, 131 S. Ct. at 893. Specific to this case, to show that a corrections officer was deliberately indifferent to the risk that an inmate would be assaulted by another inmate, there must be a showing that the assault was "reasonably preventable." Dellis v. Corrections Corp. of America, 257 F.3d 508, 512 (6th Cir. 2001) (citation

omitted). No such showing has been made here with respect to Defendants Stilwagen and Wallace.

First, Plaintiff does not allege that Defendant Wallace had any knowledge of the incidents involving Plaintiff prior to Defendant Wallace opening the Plaintiff's cell in Discovery-B. (See Am. Compl.). Although Plaintiff alleges that Defendant Stilwagen aided Defendant Hacker in moving Plaintiff to the Discovery-B housing unit following the chasing incident (Plaint. Stmt. Facts ¶ 14), there is nothing in the record to suggest Stilwagen had any knowledge of a "substantial" risk to Plaintiff at that time. Plaintiff does not allege that Defendant Stilwagen was among the correctional officers dispatched to Columbia-A following the "chasing" incident, and even acknowledges that the correctional officers who did respond found no evidence of a disturbance. The undisputed facts establish only that Defendant Stilwagen escorted Plaintiff from housing unit Columbia-A to housing unit Discovery-B per instructions from Defendant Hacker and nothing more. (Defs. Stmt. Facts ¶ 13, Plaint. Stmt. Facts ¶ 13). This is not enough to establish knowledge of a substantial risk to Plaintiff. Thus, Plaintiff's claim with regard to both defendants fails as to the knowledge requirement.

Even if Plaintiff established the knowledge requirement, it does not appear that either Defendant Stilwagen or Defendant Wallace could have prevented the harm to Plaintiff. It remains unclear why Plaintiff ran from the relative safety of his cell the instant it was opened by Defendant Wallace but, given the suddenness of both his exit from the cell and the ensuing attack, there appears to be no way either defendant could have prevented the harm once Plaintiff left the cell. Further, the decision of the defendants to wait in assisting Plaintiff appears reasonable. Outnumbered by the attacking inmates, who possessed weapons, defendants took "reasonable measures" by radioing for help and giving verbal commands to cease the attack.

(Def. Stmt. Facts ¶ 18-20). Again, given the suddenness of the incident, it appears that these defendants acted reasonably in waiting to engage the attacking inmates physically. Additionally, Defendants' limited knowledge of the events leading to this attack further justifies their decision-making before and during the attack.

Viewing all facts in the record and drawing all inferences from those facts in favor of the nonmoving party, Plaintiff has not established a genuine issue of material fact which would suggest either Defendant Stilwagen or Defendant Wallace violated his Eighth Amendment rights through deliberate indifference to his safety. Therefore, the Court should grant the motion for summary judgment with regard to Defendant Stilwagen and Defendant Wallace.

2. Defendant Hacker

In the case of Defendant Hacker, however, Plaintiff has demonstrated genuine issues of material fact that, if proven, could lead a jury to return a verdict in his favor. Defendant Hacker maintains that Plaintiff at all times informed him that Plaintiff's original injuries arose from a fall in his cell and that Plaintiff wrote this himself on the accident report. (Def. Stmt. Facts ¶ 10-11, Hacker Decl. ¶ 8-9). Therefore, according to Hacker, there was no information or knowledge of a substantial risk to Plaintiff until he observed Plaintiff in the second "chasing" incident later that day. (Hacker Decl. ¶ 10-11). At that point, he took reasonable measures by moving Plaintiff to the Discovery-B housing unit. (Hacker Decl. ¶ 11).

However, Plaintiff disputes the entirety of this account. First, Plaintiff vehemently denies stating to Hacker or writing in the accident report that he slipped in his cell and maintains that at all times he told Hacker he had been attacked by inmates affiliated with a gang. (Plaint. Stmt. Facts ¶ 21). Second, Plaintiff produced an affidavit from a fellow inmate that contradicts Hacker's account. (See Anderson Aff.). Inmate James Anderson states that he was called into

9

Hacker's office and was specifically asked about Plaintiff being involved in a dispute with gang members in the prison. (Anderson Aff. at 1). Anderson further avers that he informed Hacker that the conflict was not over and that Plaintiff was still in significant danger. (Anderson Aff. at 1). Third, both Anderson and Plaintiff allege they told Hacker that Plaintiff would not be safe inside the prison (Am. Compl. at 6, Anderson Aff. at 1), which directly contradicts both Hacker's statement that he had no reason to believe Plaintiff was in danger and that moving Plaintiff to an alternative housing unit inside the prison was a reasonable measure once he realized Plaintiff may be at risk.

Viewing all facts in the record and drawing all inferences from those facts in favor of the nonmoving party, Plaintiff has established genuine issues of material fact with regard to Defendant Hacker's knowledge of the risk to the Plaintiff's health and safety and whether Defendant Hacker disregarded that risk. Therefore, the Court should deny the motion for summary judgment with respect to Defendant Hacker.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss for Defendants Lindamood and Ferguson be **GRANTED**, and that the motion for summary judgment be **GRANTED** with respect to Defendants Stillwagen and Wallace, and **DENIED** with respect to Defendant Hacker.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of

receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 11th day of August, 2011.

 s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge